# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **CHRISTINE O. HARRIS**, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05CV00099 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **JOANNE B. BARNHART,** ) | By: James P. Jones |
| **COMMISSIONER OF SOCIAL** ) | Chief United States District Judge |
| **SECURITY**, ) | |
| ) | |
| Defendant. ) | |

*Mary C. Hendricks, Browning, Lamie & Gifford, P.C., Lebanon, Virginia, for Plaintiff; Sara Bugbee Winn, Assistant United States Attorney, Roanoke, Virginia, for Defendant.*

In this social security case, I affirm the denial of benefits.

Christine O. Harris filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's claims for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C.A. §§ 401-433 (West 2003). Jurisdiction of this court exists pursuant to 42 U.S.C.A. § 405(g).

My review is limited to a determination as to whether there is substantial evidence to support the Commissioner's final decision. If substantial evidence exists, this court's "inquiry must terminate," and the final decision of the Commissioner must be affirmed. *Laws v. Celebrezze*, 368 F.3d 640, 642 (4th Cir. 1966). Substantial

evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence, but may be somewhat less than a preponderance." *Id.*

When conducting this review, I do not reweigh conflicting evidence, make credibility determinations, or substitute my judgment for that of the Commissioner. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). It is the duty of the ALJ, not the courts, to make findings of fact and resolve conflicts in the evidence. *See id.* Accordingly, "[t]he issue before [me], therefore, is not whether [Harris] is disabled, but whether the ALJ's finding that [she] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

Harris applied for disabled widow's benefits on March 15, 2002, alleging disability since June 1, 2001. Her application was denied at all levels of administrative review. Harris received a hearing before an administrative law judge ("ALJ") on February 10, 2004. By decision dated August 12, 2004, the ALJ found that the plaintiff was not disabled within the meaning of the Act. The Social Security Administration's Appeals Council denied review, and the ALJ's opinion constitutes the final decision of the Commissioner.

The parties have briefed the issues, and the case is ripe for decision.

Harris was fifty-two years old at the time of the ALJ's decision. She completed eighth grade, and has no relevant past work experience. Harris claims disability due to nerves and stomach problems.

In rendering his decision, the ALJ reviewed medical records relating to the plaintiff's treatment by Sandra Altenbach, F.N.P.; Dwight L. Bailey, M.D.; Mohammed R. Javed, M.D.; Faisal Chaudhry, M.D.; F. Joseph Duckwall, M.D.; Randall Hays, M.D.; Eugenie Hamilton, Ph.D.; Robert J. Sass, M.D.; R. J. Milan, Ph.D.; John Ludgate, Ph.D; and Arthur C. Ballas, Ph.D.

Based upon the evidence, the ALJ determined that the plaintiff is capable of performing a full range of light work, including exertional and non-exertional requirements. Based upon the testimony of a vocational expert ("VE"), the ALJ found that there existed a significant number of jobs in the national economy that the plaintiff could perform. The ALJ ultimately concluded that Harris was not under a disability.

Harris asserts that the ALJ's opinion is not supported by substantial evidence. Specifically, she argues that the ALJ erred in finding that Harris did not suffer from a severe mental impairment, namely affective disorder or anxiety disorder. Further, she argues that the ALJ erred in making a determination regarding Harris' residual functional capacity.

- 3 -

Harris first argues that the ALJ erred in finding that she did not suffer from a severe mental impairment. In support, Harris asserts that she meets the regulatory criteria for affective disorder or anxiety disorder.

Evaluating disability on the basis of a mental disorder requires documentation of a medically determinable impairment, and consideration of the degree to which such impairment limits an individual's work and how long such impairment is predicted to last. 20 C.F.R. § 404 Subpt. P, App. 1, Listing of Impairments, § 12.00. Mental disorders are categorized into diagnostic groups. Each group contains paragraph A criteria, which medically substantiates the presence of a mental disorder, and paragraph B criteria, which describes impairment-related functional limitations which preclude performance of gainful activity. *Id.* Harris claims that she meets both A and B criteria for either affective disorder or anxiety disorder. *See id.* at § 12.04, § 12.06.

In support, Harris points to the medical reports submitted by Dr. Ballas, a licensed psychologist who evaluated Harris after the hearing. Dr. Ballas diagnosed Harris as a "severely psychologically disturbed individual." (R. at 220.) However, I find that the ALJ properly limited the weight it afforded Dr. Ballas' opinion. As set out in the ALJ's decision, Dr. Ballas was not a treating source, but rather saw Harris for a one-time psychological screening. His conclusions are directly contrary to those

rendered by her treating physician, Dr. Bailey, who saw Harris regularly and prescribed anxiety medication, which appeared from the record to keep Harris' anxiety controlled to a normal level. Because the ALJ gave properly limited weight to the only physician indicating that Harris' mental impairment was "severe," I find that his determination that Harris' alleged mental impairments did not render her disabled is supported by substantial evidence.

Harris also argues that the ALJ erred in making a determination regarding Harris' residual functional capacity to perform a full range of unskilled light work. In particular, Harris argues that the ALJ failed to properly consider her limitations resulting from alleged mental impairments.

In evaluating a claimant's residual functional capacity, the ALJ must determine whether the claimant retains the residual functional capacity to perform the requirements of past relevant work, or other work existing in significant numbers in the national economy. Where, as here, the claimant has no past relevant work, the burden shifts to the government to show that there are other jobs in the national economy which the claimant is capable of performing.

Here, the ALJ found that Harris had no significant limitations that would preclude her from performing light work. Such a determination is reasonable in light of the record before the ALJ. Particularly instructive are the reports of Dr. Chaudhry

- 5 -

and two state agency physicians, whose reports are consistent with Harris' capability of performing light work. Such reports indicate only a moderate need for accommodation for work components requiring exertion, and minimal accommodation for non-exertional work components. Those conclusions were further supported by medical testing, such tests indicating normal range of motion, gait, and station, as well as normal radiographic imaging.

In further support, Harris' own report of her daily activities supports the ALJ's finding. Harris herself reported that she prepares meals and performs household chores on a daily basis, drives, and shops for clothing and groceries. In sum, I find the ALJ's residual functional capacity determination to be supported by substantial evidence in the record. For the foregoing reasons, the Commissioner's motion for summary judgment will be granted.

An appropriate final judgment will be entered.

DATED: September 3, 2006

/s/ JAMES P. JONES
Chief United States District Judge